## CASE v. RICKETTS.

### No. 258.

Municipal Court of Appeals for the
District of Columbia.

March 2, 1945.

Rehearing Denied March 14, 1945.

Mae Owens Case, in proper person.

James A. Davis, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

PER CURIAM.

Appellant was confined to the Springfield State Hospital at Sykesville, Maryland, from September 25, 1935 to May 24, 1936, and believing that such confinement was illegal she engaged the appellee, a member of the Bar of the District of Columbia, to prosecute on her behalf a claim for damages on account thereof. On September 22, 1938, appellee as attorney for appellant, filed suit in the District Court of the United States for the District of Maryland against the two physicians who signed

the certificate on which appellant was committed to the hospital. That action went to trial on April 13, 1939, and after a trial of three or four days, in which some eighteen witnesses testified for appellant, the cause was submitted to the jury which, after deliberating for one and three-quarters hours, returned a verdict for the defendants.

On April 5, 1944, appellant, acting in her own behalf, brought the present action against appellee on the theory that in representing her in the Maryland proceeding he had in some manner breached his contract with her and had "concealed" certain evidence. Appellee filed a plea denying that he had failed to prosecute plaintiff's claim or had concealed evidence, and setting up the Statute of Limitations. Thereafter the action was dismissed for failure of appellant to furnish security for costs, but upon her affidavit the case was reinstated and she was permitted to proceed without prepayment or deposit of costs. An attorney from the Legal Aid Service [1] thereupon appeared on behalf of appellant and the case went to trial.

From appellant's testimony we gather that the gist of her complaint was that appellee had failed to name as defendant in the Maryland action one Bernard Wells who was State's attorney for Baltimore City at the time of appellant's confinement, had failed to offer in evidence carbon copies of certain correspondence, and had not called all appellant's witnesses. Appellee testified in detail regarding his employment by appellant, his preparation for trial and the trial itself. A finding and judgment were entered for appellee. Appellant has prosecuted this appeal in her own behalf.

With respect to appellant's claim that Mr. Wells should have been joined as defendant in the Maryland proceeding, it is sufficient to say that she knew he was not named, that she was present during the entire trial and testified therein, and it is now too late to claim that the wrong parties were sued or additional parties should have been sued. Furthermore, the record fails to show the nature of appellant's claimed cause of action against Wells and we cannot say there was error of judgment in omitting him as a defendant.

The evidence which appellant claims appellee should have offered was carbon copies of certain correspondence between American Legion officials relating to her confinement. This correspondence is in the record before us, and aside from the extremely doubtful question whether such correspondence would have been admissible, a reading of it convinces us that its admission not only would not have helped appellant's case but, on the contrary, would probably have had a damaging effect. No criticism can be made of appellee for failing to attempt to put this correspondence in evidence.

With respect to appellant's claim that appellee did not call all of her witnesses, she did not testify what witnesses were not called or what their testimony would have established.

Appellant's present claim, in addition to its lack of merit, on its face is barred by our three year Statute of Limitations, Code 1940, § 12—201, and no evidence was offered which would remove that bar.

Since appellant is not represented by counsel in this appeal, we have examined the record with unusual care. Our study leads us to the conclusion that the trial was carefully conducted by the court and that appellant, with the assistance of the attorney from the Legal Aid Service, was given her full day in court and afforded every opportunity to present her claim fully and completely, but that her testimony utterly failed to disclose any breach of contract or professional duty on the part of appellee.

Affirmed.

---

[1] This service is maintained in the Municipal Court by the Bar Association of the District of Columbia.